C. T. SMITH and E. H. Padgett, Judge,
Hickman County Court, Petitioners,

v.

Elvis J. STAHR, Judge, Hickman Circuit
Court, Respondent.

Court of Appeals of Kentucky.

Dec. 12, 1958.

H. W. Roberts, Jr., Clinton, for petition-
ers.

Elvis J. Stahr, Hickman, M. C. Anderson,
Wickliffe, for respondent.

CULLEN, Commissioner.

In connection with proceedings in aid of
execution on a money judgment, the Judge
of the Hickman Circuit Court, Hon. Elvis
J. Stahr, committed the judgment debtor,
C. T. Smith, to jail for "contempt," with

directions that Smith be held in custody "until he has purged himself of said contempt" by paying the amount of the judgment together with interest and costs. Smith subsequently filed a petition with the county judge, under KRS 426.400, for discharge as an insolvent debtor. The circuit judge thereupon issued an order enjoining the county judge from taking any action on the petition for discharge, and citing the county judge to show cause why he should not be adjudged in contempt. Smith and the county judge have now brought this original proceeding in this Court, seeking an order prohibiting Judge Stahr from interfering with the hearing and disposition by the county judge of Smith's petition for discharge, and from proceeding against the county judge for contempt.

Although Stahr, in his order which adjudged Smith to be in contempt, made findings that Smith had acted fraudulently in concealing and disposing of his assets, and had refused to comply with the orders of court requiring him to make a full disclosure of his property and any transfers thereof, the order committing Smith to jail permits Smith to be released only upon payment of the full amount of the judgment. Smith therefore must be considered to have been imprisoned to compel the payment of money under the judgment.

It is provided specifically in KRS 426.400 that the provisions for relief of an insolvent debtor "shall apply to a person imprisoned by order of a court of chancery to compel the payment of money under a judgment of the court."

■■ The decisions in Rebham v. Fuhrman, 139 Ky. 418, 50 S.W. 976, and Rudd v. Rudd, 184 Ky. 400, 214 S.W. 791, make it clear that when a court of chancery, because of fraud, concealment, wilful evasion, or similar exceptional circumstances, has committed a person to jail to compel him to pay money due under a judgment, the person so committed may avail himself of the insolvent debtor statute. Under the authority of those cases, Smith clearly is entitled to petition for discharge under the statute, and the county judge has power to pass upon the petition. Accordingly, Judge Stahr's order enjoining the proceedings before the county judge, and citing the county judge for contempt, cannot be upheld.

■ The contention is made that the remedy of an order of prohibition from this Court is not available, and that the petitioners here are relegated to an appeal from the questioned order of Judge Stahr. However, we believe that under the circumstances presented, the remedy by appeal is sufficiently inadequate, and the damage that may be suffered by Smith is sufficiently irreparable, to warrant relief by way of prohibition.

We do not pass upon the sufficiency of Smith's petition to the county judge under KRS 426.400. It may be observed that the statute requires the petitioner to make oath that he has not "sold, assigned or otherwise disposed of, in trust or otherwise, for my use or the benefit of another, or concealed any part of my effects whereby to secure the same, or to receive or expect any profit or advantage from them or to defraud any creditor."

It is ordered that Judge Stahr be, and he is, prohibited from enjoining or otherwise interfering with the proceeding brought by Smith before the county judge under KRS 426.400, and from proceeding against the county judge for contempt in connection therewith.